UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

FRANK HAITH ENTERPRISES, INC., and
FRANK J. HAITH, JR.

    Petitioners,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION,
a/k/a BANK OF AMERICA, N.A., and
BANK OF AMERICA CORPORATION,

    Respondents.
_____/

## VERIFIED PETITION TO PERPEPUATE TESTIMONY AND INCORPORATED MEMORANDUM OF LAW

Petitioners, Frank Haith Enterprises, Inc., ("FHE") and Frank J. Haith, Jr., by and through their undersigned attorney, hereby petition this Court for an order pursuant to Federal Rule of Civil Procedure 27 authorizing the issuance of subpoenas duces tecum for deposition to the Respondents, Bank of America, National Association, a/k/a Bank of America, N.A., and Bank of America Corporation (collectively "Bank of America").

### JURISDICTION, VENUE AND PARTIES

1.     FHE is a Florida corporation. FHE maintains its principal and mailing address at 17911 Southwest 82nd Avenue, Miami, Florida 33157. Mr. Haith and his spouse, Pamela R. Haith, are the president and vice-president, respectfully, of FHE. Mr. Haith is the former head men's basketball coach at the University of Miami (Florida) and is the current head men's basketball coach at the University of Missouri-Columbia.

1

2. At all times material to this Petition, Bank of America was, and is, a foreign corporation. However, on its corporate website, Bank of America acknowledges owning and/or operating numerous bank branches, offices and other enterprises for the transaction of its customary business in Miami-Dade County, Florida. See Exhibit A. Further, Bank of America operates the Miami, Florida, branch where FHE opened a Bank of America business advantage checking account (the "Checking Account"). See Exhibit B ¶3.

3. This Petition is an action authorized and instituted pursuant to Federal Rule of Civil Procedure 27 in anticipation of a civil action pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C., Subchapter I, §§6801-6809 ("GLBA"); and other relevant federal and state laws and regulations.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§1331 and 1343.

5. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

6. FHE is a corporate entity established by Mr. Haith on or about September 29, 2004. In approximately 2004, FHE and Mr. Haith opened the Checking Account at a Bank of America branch in Miami, Florida. In October 2012, FHE and Mr. Haith learned Bank of America may have permitted or allowed an unknown person or persons to gain access to, or to acquire, non-public information in the Checking Account without authorization. See Exhibit B ¶6.

7. FHE and Mr. Haith anticipate bringing a civil action against Bank of America, as well as any other persons or entities engaged in the unlawful activity. This action would be cognizable in a federal district court as such courts have jurisdiction over violations of the GLBA and other federal statutes.

8. The action cannot presently be brought because of several factors, including, but not

limited to:

    a.    FHE and Mr. Haith have not completed their pre-suit investigation.

    b.    Mr. Haith's current participation (as a person facing an allegation) in the National Collegiate Athletic Association ("NCAA") enforcement case involving the University of Miami (the "University of Miami enforcement case") creates significant scheduling and logistical conflicts that would impede the efficient prosecution of an action at this time.

    9.    During the period beginning on or about October 22, 2012, and concluding with the date of this Petition, FHE and Mr. Haith attempted through various means of acquiring from Bank of America specific information on the unauthorized access to, or the improper acquisition of, non-public information in the Checking Account. However, Bank of America has failed to cooperate fully with FHE and Mr. Haith. Specifically, Bank of America failed: (a) to conduct a thorough investigation into the breach; and (b) to provide FHE and Mr. Haith with specific information to identify the person who gained access to, or acquired, non-public information in the Checking Account without authorization, including an accounting of all persons who accessed the Checking Account during the October 1, 2011, to October 31, 2012, period. The summary of portion of FHE's and Mr. Haith's efforts are contained in the Affidavit of Pamela R. Haith, which is attached to this Petition as Exhibit B. [Note: In March 2013, attorneys for FHE and Mr. Haith also conducted several telephone conferences with attorneys from the Bank of America general-counsel's office to resolve this issue.]

    10.    This Petition has been filed to perpetuate testimony FHE and Mr. Haith believe may be unintentionally or intentionally lost, misplaced, altered or destroyed prior to the initiation of the Petitioners' action. Specifically, FHE and Mr. Haith are concerned that Bank of America's unwillingness to share information is an attempt to conceal the illicit act. Further, Pamela R. Haith's

(Mr. Haith's spouse) communications with Bank of America employees (in which the employees informed Mrs. Haith that if or when Bank of America identified the person that breached the Checking Account, the bank would not contact FHE or Mr. Haith in an attempt to protect the bank) compounds the Petitioners' concern. See Exhibit B ¶¶10-11.

11. FHE and Mr. Haith seek to establish, by the proposed testimony and records, the following:

    a. The identity of the person or persons who gained access to, or acquired, non-public information in the Checking Account without authorization from FHE and Mr. Haith and/or in violation of Bank of America policy and federal law.

    b. The purpose of the person's or persons' unauthorized or illicit access to, or acquisition of, non-public information in the Checking Account.

    c. Documentation of the person's or persons' unauthorized or illicit access to, or acquisition of, non-public information in the Checking Account, including, but not limited to, histories of Bank of America employees' access to the Checking Account during the October 1, 2011, to October 31, 2013, period.

    d. An explanation concerning Bank of America's policies, procedures and protocols for employees' access to customer accounts, including a copy of Bank of America's compliance measures to ensure compliance with bank policy and federal law.

12. FHE and Mr. Haith expect the adverse party in the putative action to comprise Bank of America (100 North Tryon Street, Charlotte, North Carolina 28255 (corporate headquarters address); 1200 South Pine Island Road, Plantation, Florida 33324 (Florida registered agent address)).

13. FHE and Mr. Haith believe the substance of the testimony of each deponent will be as follows:

      a.    Custodian of records, Bank of America, 100 North Tryon Street, Charlotte, North Carolina 28255: The custodian's testimony will disclose the identity of the person who accessed non-public information in the Checking Account without authorization from FHE and Mr. Haith and/or in violation of Bank of America policy and federal law. Further, the custodian will provide an explanation concerning the records documenting the person's unauthorized or illicit access to, or acquisition of, non-public information in the Checking Account. Finally, the custodian will offer an explanation concerning Bank of America's policies, procedures and protocols on employees' access to customer accounts (including a copy of the Bank of America's measures to ensure compliance with bank policy and federal law), as well as any other relevant information relating to the unauthorized or illicit access to non-public information in the Checking Account.

      b.    John or Jane Doe, Bank of America, 100 North Tryon Street, Charlotte, North Carolina 28255 [Note: Doe is the Bank of America employee or agent who accessed, or permitted another person to acquire, non-public information in the Checking Account without authorization from FHE and Mr. Haith and/or in violation of Bank of America policy and federal law.]: Doe's testimony is expected to produce information concerning: the purpose of Doe's access to non-public information in the Checking Account; whether Doe shared or transmitted information from the Checking Account to another person or entity; whether Doe permitted another person to acquire non-public information from the Checking Account; and any other relevant information relating to the unauthorized or illicit access to non-public information in the Checking Account.

## FACTUAL BACKGROUND

14.    As set forth below, FHE and Mr. Haith have actionable claims against Bank of America for violations of the GLBA and other relevant federal and state laws and regulations. The GLBA, in part, requires financial institutions to possess policies, procedures and controls in place to

prevent the unauthorized disclosure of customer financial information and to deter and detect fraudulent access to such information.

15. In February 2011, Nevin Shapiro, a former University of Miami athletics booster and convicted operator of a $930 million Ponzi scheme, informed the NCAA enforcement staff of alleged rules-violations involving the institution's coaches and prospective and enrolled student-athletes.

16. In August 2011, the enforcement staff provided the University of Miami with a notice of inquiry, which alerted the institution of the investigation. On August 16, 2011, *Yahoo! Sports* published an article regarding Mr. Shapiro's allegations. Mr. Shapiro's allegations also included assertions involving Mr. Haith's men's basketball program at the University of Miami.

17. On October 6, 2011, the enforcement staff interviewed Mr. Haith in St. Louis, Missouri. During the interview, Mr. Haith denied Mr. Shapiro's assertions, refuted any involvement in, or knowledge of, NCAA rules-violations and answered questions concerning other issues. Also, during the October 6 interview, the enforcement staff requested Mr. Haith's financial records for May and June 2010.

18. On October 19, 2011, the enforcement staff was provided the financial records in response to the October 6 request for information. Specifically, Mr. Haith produced records relating to his personal Bank of America and American Express accounts, as well as the Checking Account. One of the item requested by the NCAA were copies of statements from the Checking Account for May and June 2010, which were ordered from Bank of America. The statements including copies of Check Nos. 2092, 2095 and 2096 that were dated June 10, 2010, and were drawn on funds in the Checking Account. A redacted copy of Check Nos. 2092, 2095 and 2096 produced by Mr. Haith to the NCAA enforcement staff is attached to this Petition as Exhibit C.

19. On January 19, 2012, the enforcement staff requested Mr. Haith to produce additional financial documents. In particular, the NCAA's request stated "based on our review of these financial documents as well as our continued investigation into this matter over the last two months, the enforcement staff has determined there is a need to review additional financial records. Specifically, we request the financial records for the 3 accounts identified above as well as any additional accounts Coach Haith used during" the time periods of July and August 2010; May through August 2009; and May through August 2008.

20. On or about February 23, 2012, Mr. Haith produced documents in response to the January 19 request.

21. On September 5, 2012, the enforcement staff interviewed Mr. Haith in Kansas City, Missouri. During the interview, the enforcement staff informed Mr. Haith that Check Nos. 2092, 2095 and 2096 were cashed by his then-assistant coaches at a Bank of America branch near the University of Miami campus. Specifically, the enforcement staff informed Mr. Haith: "Okay. And just want to talk about this day that these checks were cut. And we'll give you some information just that we've gathered in the course of the investigation. The checks were written out on June 10, 2010 to the three coaches for the $3,200. All three coaches went to the Bank of America that's across the street on from campus and cashed those checks at the same banking location". The enforcement staff contended the funds were used by an assistant coach to repay a booster. The enforcement staff theorized the loan from the booster was used by the men's basketball staff to secure a high-profile recruit's commitment to attend the University of Miami. Mr. Haith denied, and continues to deny, the enforcement staff's theory.

22. On October 22, 2012, the enforcement staff submitted a request for information, which included the following demand: "Original images of check nos. 2092, 2095 and 2096 drawn

from Frank Haith Enterprises, Inc.'s Bank of America account paid to the order of Jorge Fernandez, Jake Morton and Michael Schwartz on June 10, 2010. **Sources** indicate that the banking institution should be able to provide a clear image of the documents taken from microfiche" (emphasis added). Despite a written request from Mr. Haith's legal counsel, the enforcement staff refused to disclose the identity of the enforcement staff's "sources".

23. In response to the NCAA's request for financial information pertaining to the Checking Account (and specifically, statements that included copies of Check Nos. 2092, 2095 and 2096 dated June 10, 2010), Mrs. Haith contacted Bank of America. On or about October 22, 2012, Mrs. Haith learned an unknown person may have viewed, ordered or was provided access to non-public information (including, but not limited to, the microfiche copies of Check Nos. 2092, 2095 and 2096 requested by the NCAA) in the Checking Account. See Exhibit B ¶6. FHE, Mr. Haith or Mrs. Haith did not previously view or order (or authorize any person to view, order or have access to) non-public information in the Checking Account. Further, FHE subsequently learned its checking account had been flagged by Bank of America as a result of the illicit access. See Exhibit B ¶10.

24. As a result of Mrs. Haith's October 24, 2012, request, Bank of America ordered an investigation of the account to obtain information on the breach. See Exhibit B ¶7.

25. In November 2012, Mr. Haith was informed by Bank of America employees that if or when the bank identified the person that breached the checking account, the bank would not contact FHE, Mr. Haith or Mrs. Haith in an attempt to protect the bank. See Exhibit B ¶¶10-11.

26. FHE and Mr. Haith allege a Bank of America employee or agent permitted an unknown party to view or procure non-public information concerning the Checking Account. The chain of events is a violation of the GLBA and other relevant federal and state laws and regulations.

## MEMORANDUM OF LAW

27.     Federal Rule of Civil Procedure 27 governs under what circumstances a court can enter an order to perpetuate testimony. Rule 27 provides: "A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony". See Fed. R. Civ. P. 27(a)(1).

28.     The purpose of this Petition, and the actions requested by FHE and Mr. Haith, meet the elements of Rule 27. In particular, FHE and Mr. Haith request the Court to grant an order authorizing the Petitioners to issue subpoenas duces tecum for deposition to Bank of America employees in order to perpetuate their testimony and produce relevant documents. Further, based on Mrs. Haith's conversations with Bank of America employees, FHE and Mr. Haith are afraid that the testimony of Bank of America employees, as well as related documents, might be lost if not taken immediately. Accordingly, FHE's and Mr. Haith's actions are not being used, and are not a tool, to conduct pre-suit discovery—which would not be a permissible purpose under Rule 27.

29.     FHE's and Mr. Haith's purpose for the filing of the Petition is consistent with the district courts' interpretation of Rule 27. See General Bd. of Global Ministries of the United Methodist Church v. Cablevision Lightpath, Inc., Case No. CV 06-3669 (DRH)(ETB), slip op. at 7-8 (E.D.N.Y. Nov. 30, 2006) (granting Rule 27 petition alleging that an unknown individual accessed the e-mail accounts of the petitioner's employees); see also 8 Wright, Miller, & Marcus, Federal Practice and Procedure, §2071 at 651-52 (2009) ("Rule 27 is intended only for the perpetuation of testimony or other evidence. It is drafted to apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately."). In fact, FHE and Mr.

Haith seek to depose and collect documents from Bank of America custodians of record, as well as Bank of America employees who possess "specific knowledge of facts and circumstances as well as documents and other information which are material" to its future civil case. Davis v. Town of Davie, Case No. 11-mc-60467-JIC, slip op. at 1-2 (S.D. Fla. March 7, 2011) (order granting petition to take a deposition to perpetuate testimony); see also General Bd. of Global Ministries, at 7-8.

## CONCLUSION

WHEREFORE, Petitioners, Frank Haith Enterprises, Inc., and Frank J. Haith, Jr., request this Court to grant an order directing that Petitioners may issue subpoenas duces tecum for deposition to Bank of America to perpetuate testimony in anticipation of a civil lawsuit.

Dated: May 6, 2013.

Respectfully submitted,

Michael L. Buckner, Esquire
Florida Bar No. 0106331
Michael L. Buckner Law Firm, P.A.
1000 West McNab Road
Pompano Beach, Florida 33069
Telephone: 954-941-1844
Facsimile: 954-941-1846
Email: mbuckner@michaelbucknerlaw.com

Attorney for the Petitioners,
Frank Haith Enterprises, Inc. and Frank J. Haith, Jr.

## VERIFICATION

I, Frank J. Haith, being of legal age and duly sworn, deposes and says:

1. I am making this Verification personally, as well as in my role as the president of Frank Haith Enterprises, Inc. (having served in that capacity since September 2004).

2. I have read the factual allegations contained in the foregoing Petition and I declare under penalty of perjury under the law of the United States of America that these factual allegations are true and correct, and for the allegations that are based upon information and belief, I believe the statements to be true and correct.

_____
Frank J. Haith, Jr.
President of Frank Haith Enterprises, Inc.

State of Missouri
County of Boone

Sworn to (or affirmed) and subscribed before me this 17th day of April 2013, by _Frank J. Haith, Jr._ (name of person making statement).

_____
Signature of Notary Public

_____
Print, Type, or Stamp Commissioned Name of Notary Public

Personally Known: __X__   OR Produced Identification: _____

Type of Identification Produced: _____

11